(No. 3155—

THE GOODYEAR TIRE & RUBBER COMPANY, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

GROVER C. HOFF, for claimant.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

A stipulation between the parties show the facts to be that claimant is a corporation duly organized under the laws of Illinois; that pursuant to an order and request by respondent, through Ross E. Bowman, its stockroom clerk at the Illinois State Highway Central Garage, Division of Highways, Department of Public Works and Buildings, Springfield, Illinois, claimant on August 25, 1936, delivered to the said garage, the merchandise in question, which consisted of four automobile casings of the value of $15.90 each and four red tubes at $3.03 each, amounting to $75.72, and the receipt of this merchandise is acknowledged, and no question arises about the price; that through an oversight, claimant neglected to send a bill for said merchandise to the Division of Highways before the lapse of the appropriation from which the same was properly payable; that there was money for the payment of these bills at the time of the sale, and the appropriation lapsed on September 30, 1937. No warrant was issued in payment of said merchandise and no other person, firm or corporation has any interest in this claim.

We have frequently held that where claimant has rendered services or furnished supplies to the state on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no negligence or fault on the part of claimant same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where, at the time the obligation was incurred, there were sufficient funds remaining unexpended in the appropriation to pay for the same.

It appears that this merchandise was ordered on August 25, 1936. No good reason really appears why the claimant did not present its bill prior to September 30, 1937, and the fact that the agent of the claimant did not know that when that particular appropriation had lapsed there was no funds out of which the proper officer could make the payment, is no valid, legal excuse. The only extenuating circumstance is the fact that there is a five year statute of limitations law in this State, and they probably felt that the Statute of Limitations did apply to the State the same as it did to

every person, firm or corporation in the State, and that coupled with the fact that the proper agents of the State did receive the merchandise for official use, we feel justifies us in making the award, but this court is not adopting this as a general rule to make payments in cases of this kind.

An award, therefore, is made in the sum of Seventy-five Dollars and Seventy-two Cents ($75.72).